UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JHONNY O.H.C.,

                Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

ERIC KLANG, *Sheriff of Crow Wing County Jail*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

                Respondents.

Civil No. 26-1387 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Jason L. Schellack, **AUTISM ADVOCACY & LAW CENTER, LLC**, 901 North Third Street, Suite 120, Minneapolis, MN 55401, for Petitioner.

David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Jhonny O.H.C. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on August 22, 2025. Jhonny O.H.C. petitions for a writ

of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Jhonny O.H.C's detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Jhonny O.H.C. is a citizen of Guatemala and a resident of Sioux Falls, South Dakota. (Am. Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 14, Feb. 26, 2026, Docket No. 6.) He has lived in the United States since 2004. (*Id.*)

On August 22, 2025, Petitioner was arrested and detained by ICE, and an administrative arrest warrant, Form I-200, was issued in connection with his arrest. (Decl. of Angela Minner ("Minner Decl.") ¶ 9 & Ex. B, Mar. 1, 2026, Docket No. 9.) Although Petitioner has been detained at several detention facilities, he is currently detained at Sherburne County jail in Elk River, Minnesota. (*Id.* ¶ 9.)

Since being detained, Petitioner has not sought a custody redetermination hearing. (*Id.* ¶ 10.) On November 24, 2025, an immigration judge ordered Petitioner to be removed. (*Id.*) On December 9, 2025, Petitioner appealed the immigration judge's decision ordering him to be removed. (*Id.*) Petitioner's appeal remains pending. (*Id.*)

On February 12, 2026, Jhonny O.H.C. filed a pro se petition for writ of habeas corpus, challenging the lawfulness of his detention. (Docket No. 1.) After securing counsel, Petitioner filed an amended petition for writ of habeas corpus on February 26, 2026, "to address issues and arguments not included in his original petition." (Pet. ¶ 2.) In light of the amended petition, the Court issued an order (1) enjoining Respondents

from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directing Respondents to file an answer by March 1, 2026. (Order, Feb. 26, 2026, Docket No. 7.) Respondents timely filed their response.

## DISCUSSION

Respondents argue that Jhonny O.H.C. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Jhonny O.H.C.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Jhonny O.H.C. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Jhonny O.H.C.'s detention is not authorized by § 1225(b)(2).[1]

---

[1] For good reason, Respondents do not contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231. Under § 1231, a noncitizen must be detained once a removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i), (a)(2)(A). The November 24, 2025 Order is not administratively final because Petitioner's appeal remains pending before the Board of Immigration Appeals. *See Alba D.H.R. v. Bondi*, Civ. No. 26-1216, 2026 WL 412685, at *2 (D. Minn. Feb. 13, 2026). Because Petitioner is not subject to an order of removal that is administratively final, § 1231 would not justify Petitioner's detention.

Respondents have provided the Court with an administrative warrant dated August 22, 2025 (*see* Minner Decl. ¶ 9, Ex. B.) and contend that if "the Court determines that Section 1225(b) does not properly govern Petitioner's detention . . . a bond hearing under 1226(a) rather than immediate release is appropriate." (Resp. at 2, Mar. 1, 2026, Docket No. 8.)

The Court disagrees. The record indicates that the Form I-200 warrant was issued after Petitioner had already been arrested and detained. The warrant is dated the same day as Petitioner's detention and appears to have been signed by the same individual who executed it. (Minner Decl. ¶ 9, Ex. B; Pet. ¶ 17.) Moreover, the warrant states that the arrest was based on "biometric confirmation of the subject's identity" and "statements made voluntarily by the subject to an immigration officer"—events that necessarily would have occurred only after Petitioner was taken into custody. (Minner Decl. ¶ 9, Ex. B.) Because the warrant appears to have been issued after Petitioner's arrest, § 1226 does not justify Petitioner's detention. *See Christian Z. v. Bondi*, Civ. No. 26-157, 2026 WL 123116 (D. Minn. Jan. 16, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).

It is clear to the Court from Respondents' filings that they continue to assert legal authority to detain Petitioner under 8 U.S.C. § 1225, not § 1226. And as explained above, § 1225 is not a lawful basis for mandatory detention in this case.

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b), and (2) Respondents have not produced a valid warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Jhonny O.H.C.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jhonny O.H.C.'s Amended Verified Petition for Writ of Habeas Corpus (Docket No. [6]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the potentially severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in inclement weather. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on March 6, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: March 3, 2026     \_\_\_\_\_/s/ John R. Tunheim_____
at Minneapolis, Minnesota.         JOHN R. TUNHEIM
                                 United States District Judge